UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DAVID PETERSON**
1600 E. Sylvan Ave.
Appleton, WI 54915
        Plaintiff,

vs.                                                      **Case No.**

**AT&T Corp.**
One AT&T Way
Room 2B117A
Bedminster, NJ 07921
        Defendant.

## COMPLAINT

NOW COMES the Plaintiff, David Peterson, (hereinafter "Plaintiff") by and through his attorney, Franz J. Maurer, as and for a Complaint against the Defendant, AT&T Corp. (hereinafter "Defendant"), alleges and states as follows:

1. That jurisdiction in this matter is invoked pursuant to 42 U.S.C. §2000e, *et. seq.*, 42 U.S.C. §§ 12101 *et. seq.*, and 28 U.S.C. §§1331, and 1343.

2. That the Plaintiff is an adult male residing in the Eastern District of Wisconsin, with a current address of 1600 E. Sylvan Avenue, Appleton, Wisconsin, 54915.

3. That upon information and belief, the Defendant is incorporated in the State of New Jersey, but does substantial business in the Eastern District of Wisconsin, in particular at 221 West Washington Street, Appleton, Wisconsin, 54911.

4. That upon information and belief, said Defendant has a principal office at One AT&T Way, Room 2B117A, Bedminster, New Jersey, 07921, with a Wisconsin registered agent and office of: CT Corporation System, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717.

5. That the Defendant is engaged in the business of, among other things, providing telephone, television, internet and telecommunication services for individuals and businesses both in and out of the State of Wisconsin.

6. That the Plaintiff began his employment with Defendant on or about October 19, 2009 as a sales consultant at the Appleton, Wisconsin business location.

7. That the Plaintiff's work-related duties included, but were not limited to, initiating and responding to telephone calls from potential clients of both an individual and commercial nature, along with other duties as required from time to time by the Defendant.

8. That as early as 2012, but more particularly in March of 2013, the Plaintiff began to utilize Wisconsin Family Medical Leave Act to cover missed time resulting from substantial anxiety, severe depression, panic disorder and Post Traumatic Stress Disorder.

9. That the Plaintiff was compelled to file a claim for disability benefits through the Defendant from March 13, 2013 through June 13, 2013, based on treatment by one Mark Reich, LCSW.

10. That the Plaintiff was thereafter referred to Dr. Thomas Rowell, a psychiatrist specializing in PTSD and stress disorders.

11. That the earliest the Plaintiff could get an appointment with Dr. Rowell was June 7, 2013, wherein the Plaintiff was informed by Dr. Rowell that the Plaintiff should not return to work until he had made improvement from a regiment of medications prescribed to him.

12. That the Plaintiff was informed by Dr. Rowell that it would take approximately 4-6 weeks to note improvement in his condition, and also referred the Plaintiff to Dr. Edward Jedlicka.

13. That the Plaintiff's condition did not improve as quickly as expected, however, the Plaintiff kept the Defendant regularly informed of these disabilities by having Plaintiff's doctors and counselors continue to send records and speak with the AT&T integrated disability service center (IDSC) case manager.

14. That despite the Defendant's receipt of this information and contact with Plaintiff's healthcare providers, the Plaintiff's claim for disability commencing on June 14, 2013, was denied.

15. That the Plaintiff and his healthcare providers struggled to get information from the IDSC, however, the IDSC failed to provide the Plaintiff and his healthcare providers with what information would be necessary to continue his disability benefits.

16. That the Plaintiff was eventually compelled to file an appeal of the disability in an attempt to get the denial overturned.

17. That the Plaintiff's condition turned worse after a medication change which caused the Plaintiff to be hospitalized at St. Elizabeth's Hospital in Appleton, Wisconsin from July 17, 2013 through July 19, 2013.

18. That the Plaintiff duly informed the Defendant and the IDSC of this situation.

19. That once the Plaintiff was discharged from the hospital, he received notice from the IDSC that the three days in the hospital would be covered under disability benefits, but that the IDSC was still deciding on the appeal for the period of June 14, 2013-July 16, 2013, as well as any subsequent dates.

20. That shortly thereafter, Dr. Jedlicka spoke to a Dr. Michael Rater from the IDSC and clarified that the Plaintiff should be receiving work-related disability benefits based on the Plaintiff's condition.

21. That despite this information, and the ongoing nature of the application for benefits, as well as the unresolved issue of accommodation of the Plaintiff's disability, on or about September 19, 2013, the Defendant terminated the Plaintiff's employment due to the Plaintiff's absence from employment "since 03/13/2013", and based on a purported failure to return to work after June 27, 2013, which preceded the aforementioned in-patient medical treatment.

22. That the Defendant, and particularly the IDSC, falsely stated that the Plaintiff's healthcare providers had failed to cooperate with the process of evaluation of the Plaintiff's disability.

23. That the Defendant also disregarded Dr. Rowell's communications to it back in June of 2013 that a "return to work date would not be reassessed until at least a month from my (Plaintiff's) last visit".

24. That the Defendant, again through its IDSC, also falsely claimed that "specific objective observable evidence is needed" in order to assess the Plaintiff's disability, when in fact, the Plaintiff's healthcare providers had provided complete and substantial information regarding the Plaintiff's disability.

25. That the Defendant, again through its IDSC, intentionally and consistently complicated the Plaintiff's efforts to establish his disability to the Defendant's satisfaction, as well as to provide information sufficient to determine reasonable accommodation under Title One of the Americans with Disabilities Act of 1990, as amended (ADAAA).

26. That at one particular point in time, the Plaintiff was falsely informed by agents for the Defendant that the Plaintiff's disability had been approved, when in fact, it had not, thereby discouraging the Plaintiff from taking additional steps to establish qualification for disability or accommodation.

27. That the Plaintiff asserts that the Defendant's actions in terminating the Plaintiff's employment without a legitimate, non-discriminatory basis were retaliatory in nature, and were further based on discriminatory intent on the basis of the Plaintiff's disability in direct violation of the ADAAA.

28. That the Plaintiff's termination was further based on the Defendant's intentional disregard of the Plaintiff's rights to claim disability, as well as reasonable accommodation under the ADAAA.

29. That Plaintiff alleges that the Defendant intentionally discriminated against the Plaintiff in the terms and conditions of Plaintiff's employment on the basis of Plaintiff's disability and opposition to discrimination in the workplace, in violation the ADAAA, including but not limited to interfering with the Plaintiff's ability to provide necessary information relating to the disability, fabricating information regarding the Defendant's communications with both the Plaintiff and the Plaintiff's healthcare providers, and by imposing unnecessary standards for establishing disability based on discriminatory intent.

30. That upon information and belief, the Defendant intentionally discriminated against the Plaintiff and terminated the Plaintiff's employment because it was unwilling to make reasonable accommodations for the Plaintiff's disability within the employment context pursuant to the ADAAA.

31. That the acts of the agents of the Defendant, as set forth above, all took place in the context of said agents' normal, business related activities for the Defendant.

32. That as a direct and proximate result of the intentional discrimination of the Plaintiff by the Defendant in the context of the Plaintiff's employment, Plaintiff has experienced frustration, humiliation, mental anguish, and stress, and other conscious pain and suffering, and may or will continue to suffer in a similar manner in the future.

33. That as a direct and proximate result of the intentional discrimination of the Plaintiff by the Defendant, in the context of the Plaintiff's employment, Plaintiff has suffered real and measurable economic harm in terms of out-of-pocket losses, as well as lost wages and benefits, front pay, and damages for lost future earnings for loss of professional standing and reputation, and may or will continue to suffer similar damages in the future.

34. That on or about February 9, 2016, the U.S. Equal Employment Opportunity Commission made a determination in Charge No. 443-2014-00002 that the Defendant was in violation of the ADAAA in that the Plaintiff was denied a reasonable accommodation and discharged the Plaintiff due to his disabilities.

35. That on or about March 21, 2016, the U.S. Equal Employment Opportunity Commission issued a "Notice of Right to Sue" letter to the Plaintiff.

36. That this Complaint is filed by Plaintiff within ninety (90) days of Plaintiff's receipt of a "Right to Sue" letter from the Equal Employment Opportunity Commission.

WHEREFORE, Plaintiff respectfully requests that the Court award all available and appropriate relief, including:

A. Compensatory damages for frustration, humiliation, mental anguish, stress and damages for all out-of-pocket losses, as well as lost wages and benefits, front pay, damages for lost future earnings for loss of professional standing and reputation, and related losses in an amount according to the proof at trial, for conscious pain and suffering, and for punitive damages in the amount according to the proof at trial.

B. The costs of this action and reasonable attorney fees incurred.

C. Such other relief as the Court deems just, proper and equitable.

### JURY DEMAND

A 6-PERSON TRIAL BY JURY IS HEREBY REQUESTED.

Dated this 16th day of June, 2016.

**FRANZ J. MAURER,**
**ATTORNEY AT LAW**

s/ Franz J. Maurer
Franz J. Maurer
Attorney for Plaintiff
State Bar No. 1029708

506 N. Oneida Street
Appleton, WI 54915
(920) 574-2720
(920) 574-2744 (facsimile)