UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID PETERSON,

        Plaintiff,

v.                                   Case No. 16-C-738

WISCONSIN BELL INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff David Peterson filed this action against his former employer, Wisconsin Bell Inc., alleging that the company terminated his employment because of his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112 *et seq.*, and retaliated against him for protected activity in violation of the ADA. On July 7, 2017, Wisconsin Bell moved for summary judgment. It asserts, among other things, that Peterson's claims are barred by the doctrine of judicial estoppel because he did not disclose his pending administrative claim against the company in his Chapter 7 bankruptcy petition filed in 2015.

Judicial estoppel is an equitable doctrine that may be invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The doctrine generally "prevents a party from prevailing on an argument in an earlier matter and then relying on a contradictory argument to prevail in a subsequent matter." *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013). The purpose of the doctrine is to "protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, on opposite theories." *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992). In the context of bankruptcy proceedings, judicial estoppel bars a debtor "who denies owning

an asset, including a chose in action or other legal claim, [from realizing] on that concealed asset after the bankruptcy ends." *Cannon–Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). The Seventh Circuit has recognized that applying judicial estoppel in these circumstances encourages debtors to be truthful in their bankruptcy filings by raising the cost of lying. *Id.* Nevertheless, judicial estoppel may be inappropriate where there is evidence that the plaintiff's nondisclosure was based on inadvertence or mistake. *New Hampshire*, 532 U.S. at 753; *see also Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015) (noting that some omissions "will be innocent—based on poor communication between bankruptcy counsel and tort counsel, or based on a belief that the tort claim will not be valuable—and should not be punished").

In June 2015, Peterson filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Wisconsin. At the time of the filing, Peterson was pursuing an administrative claim against Wisconsin Bell before the Equal Employment Opportunity Commission (EEOC). Yet, his bankruptcy petition denied that he had any pending legal claims. The bankruptcy court discharged his debts and closed the case. Wisconsin Bell contends that because Peterson did not disclose his administrative claim in his petition, the doctrine of judicial estoppel bars Peterson from pursuing his claims in this case.

Peterson does not dispute that he should have included his claim before the EEOC as an asset in his bankruptcy filing but contends that he did not know that the claim needed to be included in the petition. He notes that his bankruptcy counsel never asked about any legal claims Peterson may have had. He also did not make any claims for specific monetary damages in his complaint, instead requesting that Wisconsin Bell end its discrimination against him.

The court concludes that judicial estoppel is not warranted in this case because Wisconsin Bell has not presented any evidence of intentional concealment or deceit by Peterson. Based on the

2

record before the court, it appears Peterson's failure was caused by simple inadvertence. In any event, in light of his failure to inform the bankruptcy court of his claims against Wisconsin Bell, Peterson requests that the court stay the current proceedings in this case so that he may reopen his bankruptcy case to include this claim. Accordingly, the court will stay this case conditioned upon Peterson's filing of a motion to reopen his bankruptcy proceedings within 30 days of this order. Notice of his filing in bankruptcy court must be filed with this court. Peterson is also ordered to advise the court of the status of his bankruptcy proceeding in writing within 60 days of this order, or 30 days of when it is finally concluded, whichever is earlier. Failure to comply with this order will result in the dismissal of this case for failure to prosecute. In the event the bankruptcy court authorizes Peterson to pursue his claim, this court will lift the stay and address the remaining arguments raised in Wisconsin Bell's motion for summary judgment.

**SO ORDERED** this  31st  day of August, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3

Case 1:16-cv-00738-WCG   Filed 08/31/17   Page 3 of 3   Document 30